## Caudill v. City of Maysville.

March 17, 1944.

B. S. Grannis for appellant.

W. D. Cochran for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

In response to an advertisement for bids for the surplus materials of the City owned Maysville Street Railway Company, the appellant submitted the following:

"To the Mayor and Councilmen of Maysville, Kentucky:

"This is to certify that I, William Caudill, am·bidding $3,650.00, (Thirty-six Hundred and Fifty Dollars) for all the trolley copper and other scrap copper and dynamoes, and motors and transformers lines leading to Power House and all of the rails and other junk scrap iron and steel posts also that does not interfere with other lines and all of the street cars and all equip-ment."

"Enclosed find check for fifty-per-cent of the value, or what the map calls for.

"William Caudill
"Morehead, Ky."

The bid was accepted by the City on May 3, 1937, and during the ensuing three months the appellant took possession of the readily movable property, including the rails laid on unimproved streets. The rails which he did not remove were on improved streets constructed either of concrete or brick laid on a concrete

base, and were embedded to a depth of approximately 5 inches; and not until the City, some four years later, had completed their removal, using WPA labor for the purpose, did he assert a claim to them. The City sold the rails so removed by it and the wires connecting them for $21.39 per long ton, a total of $7,091.88, whereupon appellant instituted this action to recover damages, claiming that the rails belonged to him by reason of his purchase, and that the City had wrongfully converted them.

Three defenses were interposed, namely, that the reasonable cost in connection with the removal of the rails from the improved streets was far in excess of their sale value; that the sale of the rails embedded in the improved streets was not contemplated by the parties in making the contract; and that in any event, appellant, prior to the alleged conversion, had abandoned any property rights he might have had in the rails. Issues were joined, proof heard, and the jury instructed, in substance, that unless they believed that appellant abandoned his rights under the contract, they should find for him such sum "as represents the difference between the reasonable market value of said rails when converted by the City of Maysville and the reasonable costs of removal from the improved streets, and the restoration of the streets to a condition similar for the purposes of travel thereon to their condition prior to the removal of said rails." The jury found for appellee, and on this appeal it is urged by appellant that the Court erred in construing the contract to require him to restore the improved streets from which the rails were removed to their condition prior to the removal. How vital this question is, is shown by the fact that while appellant testified that he could have removed the rails from the improved streets at a cost of approximately $5 per ton, a total of $1,665, he made no effort to show what it would have cost him to restore the streets, or to contradict the City's testimony that the necessary cost of such restoration, approximately three-fifths of which was paid by the United States Government, alone greatly exceeded what the removed rails were or could have been sold for. In this state of the proof, it is obvious that if the Court correctly interpreted the contract to require appellant to so restore the improved streets, after he had removed the rails, the Court should have directed a verdict for the City.

Appellant contends that since the contract is silent on the subject, his obligation with respect to the streets extended no further than to require him to fill up with dirt or debris the excavations occasioned by the removal, but with this contention we cannot agree.

Appellant, in explaining why he took no steps to remove the embedded rails, testified that he knew that the City did not have the funds with which to make the repairs to the streets, which the removal of the rails would necessitate, and that he understood that it was the City's desire that the rails be not disturbed until its financial condition improved. The advertisement for bids offered the surplus materials of the municipally owned railway company ''as is, where is, as per inventory at office of City Clerk,'' and it is inconceivable, in view of the enormous cost of restoring the streets, in excess of $15,000 under the WPA project, that the City would have considered selling the embedded rails, to say nothing of the other material, for $3,650, if the purchaser was to have the privilege of tearing up the made streets without any obligation to restore them. Moreover, appellant paid the full purchase price, after deducting several minor credits, upon taking posession of the readily movable material a few months after the acceptance of his bid; and this fact, together with his subsequent long inactivity, indicates that he construed the contract as requiring him to repair the damage to the streets which would result from the removal of the embedded rails, and that he had no intention of removing them.

When a contract is silent with respect to a matter vital to the rights of the parties, a court, in construing it, is necessarily compelled to resort to a consideration of the surrounding circumstances and the conduct of the participants indicating their interpretation. Here, all the circumstances indicate that appellant, in submitting his bid, and appellee's officials in accepting it, assumed, as a matter of course, that if the rails on the improved streets were removed, the cost of restoring such streets to their condition prior to such removal would have to be borne by appellant; and since the proof conclusively showed that the actual cost of such restoration far exceeded the value of the rails, appellant's case, if not defeated by the evidence indicating that he had abandoned his property rights in the rails,

was defeated by his failure to show that he had been damaged by the conversion.

Judgment affirmed.